UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2009 FEB 11 AM 10: 46
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 6:09-cr-14-ORL-19-KRS
26 U.S.C. § 7203

JIMMIE L. THORPE
a/k/a Jim Thorpe

## INFORMATION

The United States Attorney charges:

### COUNT ONE

At all times material to this Information:

1. Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** was a professional golfer on the Professional Golf Association (PGA) Champions Tour, formerly known as the PGA Senior Tour.

2. Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** earned income playing in PGA events and from various endorsements, including Harrison Sports and Callaway Golf, and sponsors, including Foxwoods Casino.

3. JLT, Inc. was a Florida corporation incorporated in September 1998 in which defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** was the sole officer and director.

4. Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** during 2002, 2003, and 2004, did not make any estimated tax payments and only had taxes withheld in the amount of approximately $2,991.42, although his accountant had discussed the

necessity of paying estimated taxes with defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe**.

5.  Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe**, although he filed with the Internal Revenue Service (IRS) extensions of time in which to file his personal income tax returns and corporate income tax returns (JLT, Inc.) for the tax years 2002, 2003, and 2004, did not make any payments for personal income taxes with said extensions.

6.  Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** did not timely file his 2000 and 2001 personal income tax returns.

7.  Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** did not timely pay the income tax due and owing on his 2000 and 2001 personal income tax returns.

8.  Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe**, was previously investigated by Internal Revenue Service, Criminal Investigation, in Buffalo, New York, for failing to file his 1992 through 1995 income tax returns. Defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** asserted at that time that: (a) he had two accountants; (b) he thought they were handling his tax matters; and (c) his returns were being filed. Based upon the alleged reliance of defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** on his accountants, defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe,** was not criminally prosecuted at that time.

9.  During the years 2002, 2003, and 2004, defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe**, received a total of at least $1,700,000.00 in gambling winnings, which he then used to continue gambling.

10.  Rather than paying his tax liabilities for the tax years 2002, 2003, and 2004, defendant **JIMMIE L. THORPE, a/k/a Jim Thorpe**, made expenditures for personal items such as: (a) the construction of a new $2,000,000 (approximately) home, and (b) a $61,000 (approximately) vehicle.

11.  That during the calendar year 2002,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, who was a resident of Lake Mary, Seminole County, Florida, in the Middle District of Florida, had and received gross income of approximately $1,479,485.00; that by reason of such gross income he was required by law, following the close of the calendar year 2002, and on or before October 15, 2003, to make an income tax return to the Director, Internal Revenue Service Center at Atlanta, Georgia, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that well-knowing and believing all of the foregoing, he did willfully fail to make an income tax return to said Director of the Internal Revenue Service Center, to said person assigned to receive returns at the local office of the Internal Revenue Service, or to any other proper officer of the United States.

All in violation of Title 26, United States Code, Section 7203.

## COUNT TWO

12.  Count One, paragraphs One through Ten, are hereby re-alleged and incorporated by reference as though fully set forth herein.

13. That during the calendar year 2003,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, who was a resident of Lake Mary, Seminole County, Florida, in the Middle District of Florida, had and received gross income of approximately $1,953,025.00; that by reason of such gross income he was required by law, following the close of the calendar year 2003, and on or before October 15, 2004, to make an income tax return to the Director, Internal Revenue Service Center at Atlanta, Georgia, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that well-knowing and believing all of the foregoing, he did willfully fail to make an income tax return to said Director of the Internal Revenue Service Center, to said person assigned to receive returns at the local office of the Internal Revenue Service, or to any other proper officer of the United States.

All in violation of Title 26, United States Code, Section 7203.

### COUNT THREE

14. Count One, paragraphs One through Ten, are hereby re-alleged and incorporated by reference as though fully set forth herein.

15. That during the calendar year 2004,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, who was a resident of Lake Mary, Seminole County, Florida, in

the Middle District of Florida, had and received gross income of approximately $1,803,369.00; that by reason of such gross income he was required by law, following the close of the calendar year 2004, and on or before October 17, 2005, to make an income tax return to the Director, Internal Revenue Service Center at Atlanta, Georgia, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that well-knowing and believing all of the foregoing, he did willfully fail to make an income tax return to said Director of the Internal Revenue Service Center, to said person assigned to receive returns at the local office of the Internal Revenue Service, or to any other proper officer of the United States.

All in violation of Title 26, United States Code, Section 7203.

## COUNT FOUR

16.  Count One, paragraphs One through Ten, are hereby re-alleged and incorporated by reference as though fully set forth herein.

17.  That during the calendar year 2003,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, was the president of JLT, Inc., a corporation not expressly exempt from tax, with its principal place of business at Heathrow, Florida, in the Middle District of Florida; he was, therefore, required by law, after the close of the calendar year 2003 and on or before September 15, 2004, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or

to the person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law; well knowing and believing all of the foregoing, he did willfully fail, on or about September 15, 2004, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT FIVE

18.  Count One, paragraphs One through Ten, are hereby re-alleged and incorporated by reference as though fully set forth herein.

19.  That during the calendar year 2002,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, who was a resident of Heathrow, Florida, in the Middle District of Florida, had and received taxable income of approximately $1,318,300.00, on which taxable income there was owing to the United States of America an income tax of approximately $494,234.00; he was required by law to pay, on or before October 15, 2003, that income tax to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue; and well knowing and believing all of the foregoing, he did willfully fail, on October 15, 2003, to pay the income tax due.

All in violation of Title 26, United States Code, Section 7203.

## COUNT SIX

20. Count One, paragraphs One through Ten, are hereby re-alleged and incorporated by reference as though fully set forth herein.

21. That during the calendar year 2003,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, who was a resident of Heathrow, Florida, in the Middle District of Florida, had and received taxable income of approximately $1,840,934.00, on which taxable income there was owing to the United States of America an income tax of approximately $631,930.00; he was required by law to pay, on or before October 15, 2004, that income tax to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue; and well knowing and believing all of the foregoing, he did willfully fail, on October 15, 2004, to pay the income tax due.

All in violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN

22. Count One, paragraphs One through Ten, are hereby re-alleged and incorporated by reference as though fully set forth herein.

23. That during the calendar year 2004,

**JIMMIE L. THORPE**
**a/k/a Jim Thorpe**

the defendant herein, who was a resident of Heathrow, Florida, in the Middle District of

Florida, had and received taxable income of approximately $1,470,268.00, on which taxable income there was owing to the United States of America an income tax of approximately $501,915.00; he was required by law to pay, on or before October 17, 2005, that income tax to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at the local office of the Internal Revenue Service at Maitland, Florida, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue; and well knowing and believing all of the foregoing, he did willfully fail, on October 17, 2005, to pay the income tax due.

All in violation of Title 26, United States Code, Section 7203.

A. BRIAN ALBRITTON
United States Attorney

By: _____
I. Randall Gold
Assistant United States Attorney
Deputy Chief, Orlando Division

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division