UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:09-cr-14-Orl-19KRS

JIMMIE L. THORPE
a/k/a Jim Thorpe

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, **JIMMIE L. THORPE, a/k/a Jim Thorpe ("THORPE")**, and the attorney for the defendant, Mark L. Horwitz, Esquire, mutually agree as follows:

A.  **Particularized Terms**

   1.  Counts Pleading To

   The defendant shall enter a plea of guilty to Counts Six and Seven of the Information. Counts Six and Seven each charge the defendant with Failure to Pay Income Taxes, in violation of 26 U.S.C. § 7203.

   2.  Maximum Penalties

   Counts Six and Seven each carry a maximum sentence of one year imprisonment, a fine of $25,000.00, a term of supervised release of not more than one year, and a special assessment of $25.00, said special assessment to be due on the date of sentencing. The fine for each count may be subject to the alternative

Defendant's Initials _____    AF Approval _____
                                  Chief Approval _____

sentencing provision of Title 18, United States Code, Section 3571(d), which would be not more than twice the amount of the gross gain or loss. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts Six and Seven are that:

<u>First</u>: the defendant had a duty to pay a tax;

<u>Second</u>: the tax was not paid at the time required by law; and

<u>Third</u>: the failure was willful.

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts One, Two, Three, Four and Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _____  2  Chief Approval _____

6.     <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.     <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b), the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with

Defendant's Initials _____          3          Chief Approval _____

the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Taxes - Payment and Cooperation

The defendant agrees to pay all taxes, interest, and penalties found to be lawfully owed and due to the Internal Revenue Service for the years 2002 through and including 2004, and to cooperate with and provide to the Internal Revenue Service any documentation necessary for a correct computation of all taxes due and owing for those years, and further agrees that the Court may make this term a condition of any sentence of probation or supervised release.

**B. Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court,

Defendant's Initials _____  4  Chief Approval _____

and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the

Defendant's Initials _____   5   Chief Approval _____

defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____  6  Chief Approval _____

5. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____   7   Chief Approval _____

7.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _____        8        Chief Approval _____

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

**FACTS**

Defendant **THORPE** is a professional golfer on the Professional Golf Association (PGA) Champions Tour, formerly known as the PGA Senior Tour. During the years 2002, 2003, and 2004, defendant **THORPE** earned income playing in PGA events and from various endorsements, including Harrison Sports and Callaway Golf, and sponsors, including Foxwoods Casino. JLT, Inc. was a Florida corporation incorporated in September 1998, in which defendant **THORPE** was the sole officer and director.

Defendant **THORPE,** although he filed with the Internal Revenue Service (IRS) extensions of time in which to file his personal income tax returns and corporate income

Defendant's Initials _____    9    Chief Approval _____

tax returns (JLT, Inc.) for the tax years 2002, 2003, and 2004, did not make any payments for personal income taxes with said extensions.

In 2002, 2003, and 2004, defendant **THORPE** did not make any estimated tax payments and only had taxes withheld in the amount of approximately $2,991.42, although his accountant had discussed the necessity of paying estimated taxes with defendant **THORPE**.

Defendant **THORPE** was previously investigated by Internal Revenue Service, Criminal Investigation, in Buffalo, New York, , as defendant **THORPE** had significant income for the calendar years 1993 and 1994, but the Internal Revenue Service had no record of tax returns having been filed. Defendant **THORPE** asserted at that time that: (a) he had two accountants, and (b) he thought that his tax matters were being handled by the accountants. Defendant **THORPE** was not criminally prosecuted at that time.

During the years 2002, 2003, and 2004, defendant **THORPE** won and lost at gambling a total of at least $1,700,000.00; his winnings were utilized to continue gambling rather than paying the income taxes he owed.

For the calendar year 2002, defendant **THORPE** received gross income of approximately $1,610,460.01, on which he owed, but did not pay, income taxes in the amount of $659,286.74.

For the calendar year 2003, defendant **THORPE** received gross income of approximately $1,916,209.13, on which he owed, but did not pay, income taxes in the amount of $717,384.18.

Defendant's Initials _____    10    Chief Approval _____

Case 6:09-cr-00014-KRS   Document 74   Filed 09/15/09   Page 11 of 12

For the calendar year 2004, defendant **THORPE** received gross income of approximately $1,838,485.31, on which he owed, but did not pay, income taxes in the amount of $685,905.35.

For the calendar years 2002, 2003, and 2004, defendant **THORPE** did not file an individual income tax return for those years until after he was confronted by special agents of the Internal Revenue Service (IRS). Additionally, for the calendar year 2003, defendant **THORPE** did not timely file his corporate income tax return for JLT, Inc.

The total amount of unreported income for the three years is $5,365,154.45 and the total tax loss for sentencing guidelines purposes is $2,062,576.27.

10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials     11    Chief Approval

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 15th day of September, 2009.

_____  By: _____
JIMMY L. THORPE                        I. Randall Gold
a/k/a Jim Thorpe                       Assistant United States Attorney
Defendant                              Deputy Chief, Orlando Division

A. BRIAN ALBRITTON
United States Attorney

_____       _____
Mark L. Horwitz, Esquire               Roger B. Handberg
Attorney for Defendant                 Assistant United States Attorney
                                       Chief, Orlando Division

Defendant's Initials _____    12    Chief Approval _____